### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JORCO II, L.L.C., an Oklahoma Corporation, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF CHOCTAW, a Municipal )<br>Corporation, ROBERT FLOYD, )<br>Individually and in his official capacity )<br>as City Manager of the City of Choctaw, )<br>ROGER MALONE, Individually and )<br>in his official capacity as Ward Four )<br>Councilman for the City of Choctaw, )<br>RANDY ROSS, Individually and in his )<br>official capacity as Mayor of the City )<br>of Choctaw, RON BRADSHAW, BILL )<br>FILLER, JEANNIE ABST, DAVE HOWE, )<br>and LARRY GOELLER, each Individually )<br>and in their official capacities as )<br>Councilpersons for the City of Choctaw, )<br>Members of the CHOCTAW CITY )<br>PLANNING COMMISSION, each )<br>Individually and in their official )<br>capacities, and DOES I THROUGH III, )<br>)<br>Defendants. ) | Case No. CIV-05-1510-M |

## **ORDER**

Before the Court is plaintiff's Motion for Remand to State Court, filed January 11, 2006. On February 13, 2006, defendants filed their response. Also before the Court is defendants' Motion to Dismiss for Lack of Ripeness, filed December 30, 2005. On January 17, 2006, plaintiff filed its response. Based upon the parties' submissions, the Court makes its determination.

I.   Background[1]

On March 10, 2005, plaintiff filed a Zoning Amendment Application with the City of Choctaw ("Choctaw") requesting a zoning reclassification of certain property it owned from Rural Residential to Single-family Residential/Planned Unit Development. On May 2, 2005, the Choctaw Planning Commission recommended approval of plaintiff's application subject to the extension of sewer and water services. At the July 7, 2005 Choctaw Planning Commission meeting, plaintiff's application did not receive the requisite number of votes for approval.

On July 26, 2005, the Choctaw City Council adopted a memorialization of Choctaw's unwritten policy of not agreeing to allow another city to serve Choctaw with public utilities except for commercial development and existing residential subdivisions to be determined on a case-by-case basis. At its August 9, 2005 meeting, the Choctaw City Council approved plaintiff's application to amend the zoning ordinance to Single-family Residential subject to a Planned Unit Development ("PUD") overlay.

On or about August 30, 2005, plaintiff submitted a Preliminary Development Plan for the PUD. On September 29, 2005, Robert L. Floyd, the Choctaw City Manager, issued a Zoning Reclassification Report to the Choctaw Planning Commission. The Zoning Reclassification Report recommended, in part, that until plaintiff adequately addressed the lack of water and sewer services to plaintiff's proposed development, no further consideration should be given to plaintiff's application. On October 6, 2005, the Choctaw Planning Commission tabled plaintiff's application until such time as the zoning requirements discussed in the Zoning Reclassification Report are

---

[1] All information contained in the Background is undisputed by the parties and is based on the documents the parties submitted in relation to the motion to dismiss.

satisfied.

On November 28, 2005, plaintiff filed the instant action in the District Court of Oklahoma County, State of Oklahoma. In its Petition, plaintiff alleges six causes of action. In its first two causes of action, plaintiff alleges that defendants have deprived it of the lawful and reasonable use of its property, have deprived it of due process and equal treatment, and have taken unreasonable, arbitrary, and capricious actions. In its third, fourth, fifth, and sixth causes of action, plaintiff alleges various conspiracy claims.

## II.   Motion for remand

On December 28, 2005, defendants filed their notice of removal, alleging that plaintiff's claims arise under the Constitution of the United States and that this Court has original jurisdiction. Plaintiff asserts that this Court does not have subject matter jurisdiction and moves the Court to remand this action to state court.

A defendant may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The district courts have original jurisdiction under the federal question statute over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (internal quotations and citation omitted). Further, "[e]ven though state law creates [a party's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law." *Id.* at 164 (internal quotations and citation omitted).

Having carefully reviewed plaintiff's Petition, the Court finds that plaintiff has raised issues of federal law in the form of various federal constitutional challenges to the manner in which defendants have reviewed and acted upon its application for a zoning amendment. Specifically, in relation to plaintiff's first cause of action, plaintiff alleges that "Plaintiff had rights under the due process and equal protection clauses of the constitutions of the State of Oklahoma and the United States not to be deprived of its constitutionally protected interest in its property by treatment from Defendants which amounts to discriminatory, disparate and unequal treatment." Petition at ¶ 22 (emphasis added). In relation to plaintiff's second cause of action, plaintiff alleges that "Defendants have interfered with Plaintiff's exercise and enjoyment of its clear and established rights secured by the constitutions of the State of Oklahoma and the United States and/or the laws of the State of Oklahoma and thereby deprived Plaintiff of those rights and caused Plaintiff damages." Petition at ¶ 29 (emphasis added). The Court finds that these federal constitutional claims, which turn exclusively on federal law, unquestionably fall within this Court's original jurisdiction.

In plaintiff's third, fourth, fifth, and sixth causes of action, plaintiff alleges state law conspiracy claims arising out of the manner in which defendants have reviewed and acted upon his application for a zoning amendment. Pursuant to 28 U.S.C. § 1367, district courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Having carefully reviewed plaintiff's Petition, the Court finds that plaintiff's third, fourth, fifth, and sixth causes of action form part of the same case or controversy as plaintiff's first and second causes of action, over which the Court has original jurisdiction. Accordingly, the Court finds that it may properly exercise supplemental

jurisdiction over plaintiff's third, fourth, fifth, and sixth causes of action.

The Court, therefore, finds that it has jurisdiction over this action and that defendants properly removed it to this Court. The Court, accordingly, finds that plaintiff's motion for remand should be denied.

III.   Motion to dismiss

Defendants assert that plaintiff's claims are not ripe for adjudication and move this Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff asserts that its claims are ripe for adjudication.[2]

A plaintiff bears the burden of producing evidence to establish that the issues in a case are ripe for review. *Signature Props. Int'l Ltd. P'ship v. City of Edmond*, 310 F.3d 1258, 1265 (10th Cir. 2002). Further, where, as here, a defendant has attacked the factual basis for subject-matter jurisdiction, a court does not presume the truthfulness of the complaint's factual allegations; rather, a court has wide discretion to consider additional evidence. *Coal. for Sustainable Res., Inc. v. United States Forest Serv.*, 259 F.3d 1244, 1249 (10th Cir. 2001).[3]

"The ripeness doctrine cautions a court against premature adjudication of disputes involving administrative policies or decisions not yet formalized and felt in a concrete way by the challenging

---

[2] In its response, plaintiff requests an evidentiary hearing regarding the factual bases for its claims. Because the Court finds that the facts upon which it relies in making its determination are undisputed, the Court finds that an evidentiary hearing is unnecessary.

[3] A court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 motion for summary judgment when resolution of the jurisdictional question is intertwined with the merits of the case. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Because resolution of the ripeness issue in the case at bar is not intertwined with the merits of the case, the Court finds that it is not required to convert defendants' Rule 12(b)(1) motion to dismiss into either a Rule 12(b)(6) motion or a Rule 56 motion.

parties." *Signature*, 310 F.3d at 1265 (internal quotations and citations omitted). The Tenth Circuit has held that unless a final decision has been made by the governmental actor, substantive due process and taking claims are not ripe. *Id.* at 1266.

> Before a federal court may step in and ascertain whether a local planning authority has taken property arbitrarily, however, it must allow the local authority a chance to take final action. Until it has a final action before it, a court is unable to evaluate whether property was taken and whether the local authorities' position was arbitrary.

*Landmark Land Co. of Okla. v. Buchanan*, 874 F.2d 717, 722 (10th Cir. 1989), *abrogated on other grounds*, *Fed. Lands Legal Consortium v. United States*, 195 F.3d 1190 (10th Cir. 1999).

Having carefully reviewed the parties' submissions, the Court finds that plaintiff has not demonstrated that the finality requirement is satisfied in this case as to its first and second causes of action. In the case at bar, Choctaw has not finally and officially ruled out the possibility that plaintiff will be able to proceed with its original plans to develop its land. Further, plaintiff has not shown that it has attempted any additional efforts to work out a compromise with Choctaw or that such efforts would be futile. Additionally, Choctaw has not rendered any decision regarding how it will apply the unwritten policy adopted by the Choctaw City Council on July 26, 2005 to plaintiff's property, and specifically to the provision of water and sewer services by the City of Midwest City to plaintiff's development. Further, plaintiff has not appealed the actions at issue to the Choctaw Board of Adjustment. Finally, the Tenth Circuit has previously found that factually similar claims to plaintiff's first and second causes of action were not ripe for adjudication. *See*

*Signature*, 310 F.3d 1258;[4] *Landmark*, 874 F.2d 717.[5]  Plaintiff has failed to demonstrate any significant difference between the circumstances of the case at bar and those of either *Signature* or *Landmark*.

Accordingly, the Court finds that plaintiff's first and second causes of action are not ripe for adjudication and should be dismissed.

As set forth in section II *supra*, while this Court does not have original jurisdiction over plaintiff's third, fourth, fifth, and sixth causes of action, it may exercise supplemental jurisdiction over these causes of action.  Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction.  Further, pursuant to 28 U.S.C. § 1447(c), a case shall be remanded if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.

Because the Court is dismissing plaintiff's first and second causes of action, the only causes of action of which this Court had original jurisdiction, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining causes of action.  Additionally, because this Court is declining to exercise supplemental jurisdiction over plaintiff's remaining causes of action, the Court finds that it now lacks subject matter jurisdiction over this action and that this action, consisting of plaintiff's

---

[4] In *Signature*, the City of Edmond imposed a moratorium on building permits.  As a result of the moratorium, the plaintiff could not obtain financing for its next development phase, which was delayed for at least one year.  *Signature*, 310 F.3d at 1263.

[5] In *Landmark*, the plaintiff planned to develop a shopping center in Del City, Oklahoma. The plaintiff alleged that city officials, a county official, and officers of the adjacent Air Force base combined to delay, to impede, and ultimately to prevent the development.  Specifically, the plaintiff alleged that the defendants sought to obstruct the development by having the city council adopt an ordinance under which the proposed development would not have been permissible.  While the city council was considering the proposed ordinance, no building permits were issued.  *Landmark*, 874 F.2d at 718-19.

third, fourth, fifth, and sixth causes of action, must be remanded to the District Court of Oklahoma County, State of Oklahoma.

IV.   Conclusion

For the reasons set forth above, the Court:

(A)   DENIES plaintiff's Motion for Remand to State Court [docket no. 10];

(B)   GRANTS IN PART and DENIES IN PART defendants' Motion to Dismiss for Lack of Ripeness [docket no. 5] as follows:

   (1)   The Court GRANTS the motion to dismiss as to plaintiff's first and second causes of action and DISMISSES plaintiff's first and second causes of action without prejudice, and

   (2)   The Court DENIES the motion to dismiss as to plaintiff's third, fourth, fifth, and sixth causes of action, and

(C)   REMANDS this action, which now consists solely of plaintiff's third, fourth, fifth, and sixth causes of action, to the District Court of Oklahoma County, State of Oklahoma.

**IT IS SO ORDERED this 1st day of May, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE